UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAV___ DIV.

2013 AUG 15 PM 2:07

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| DIRECTV, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>SHIRAH, et al.,<br><br>          Defendant. | No.: 4:13-CV-00110-WTM-GRS<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS Plaintiff DIRECTV, LLC and Defendant Herman R. Shirah, et al. (collectively, the "Parties"), seek this Court's approval of this Stipulated Protective Order ("Protective Order" or "Order"); and

WHEREAS discovery in this Action has required and may in the future require disclosure of confidential materials and information, and the Parties desire to maintain the confidentiality of such confidential materials and information;

ACCORDINGLY, the undersigned Parties, by their respective counsel, having stipulated, agreed and consented to, and the Court finding good cause for, entry of this Protective Order,

IT IS HEREBY ORDERED: That this Protective Order is entered; and it is STIPULATED AND FURTHER ORDERED that each Party to this Action, and anyone else who may subsequently subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING annexed hereto as Appendix 1) agrees with and is Ordered by the Court as follows:

**IT IS THEREFORE ORDERED THAT:**

A.    This Stipulated Protective Order shall govern the use of all information or documents revealed or produced during the course of discovery in these proceedings by any party or third party, whether in response to a document request, interrogatory, deposition, subpoena or otherwise, (all such materials are collectively referred to hereinafter as "Discovery Materials"), including any information or documents produced in this action prior to the entry of this Order. This Stipulated Protective Order is binding upon the parties to this action and their respective attorneys and agents. All Discovery Materials furnished by any person in this action shall be made available to and used by the parties solely for the

purpose of these proceedings and for no other purpose.

      B.      The following procedures shall be used in this Action for the protection of the parties and third parties against the improper disclosure or use of confidential information produced in discovery.

I.      **DEFINITIONS.**

(a)      The "Action" shall mean and refer to the above-entitled matter, DIRECTV, LLC *v.* Shirah, et al., Civil Action No. 4:13-CV-00110-WTM-GRS, pending in the United States District Court for the Southern District of Georgia.

(b)      "CONFIDENTIAL" information shall include all Discovery Materials revealed, produced, or disclosed during the course of this Action that are non-public material not generally available, including material of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or involve or implicate privacy interests of persons or entities. Specific categories of "CONFIDENTIAL" information include, but are not limited to: the terms of non-public arrangements and agreements with third parties; non-public financial information or data; research and development materials concerning released and/or unreleased products or services; current or future business plans; forecasts and strategies; trade secrets; unreleased product designs and configurations; financial information such as margins, revenues, costs, etc.; information regarding future products or services, including research and development information; information regarding present and future business and marketing strategies; names or other information tending to reveal the identities of a party's suppliers, distributors, or strategic partners; confidential third party agreements; customer lists and documents that reveal a customer's identity, or that consist of or disclose non-public personal information about the parties' customers, including but not limited to, credit history, Social Security numbers, or the like; any protectable, and actually protected, trade secrets as defined by applicable state law; and information regarding current discussions with third parties concerning potential joint ventures or other strategic collaborations.

(c)      "Party" or "parties" shall mean and refer to any party in the above-entitled Action, including all of such party's officers, directors, employees, consultants, retained experts, inside and

outside counsel, as well as support staff of such.

(d) "Producing Party" shall mean any party or third party producing or providing Discovery Materials that are designated CONFIDENTIAL information under the terms of this Order.

(e) "Receiving Party" shall mean any party receiving Discovery Materials that are designated CONFIDENTIAL information under the terms of this Order.

**II.   CONFIDENTIAL INFORMATION.**

(a) Any Producing Party shall have the right to designate as "CONFIDENTIAL" or any Discovery Materials that the Producing Party determines in good faith constitutes or contains CONFIDENTIAL information, as defined herein.

(b) No CONFIDENTIAL designation shall be made unless the Producing Party or third party from whom discovery is sought believes in good faith that the designated material is entitled to protection under the terms of this Protective Order.

**III.   DESIGNATION OF DISCOVERY MATERIALS.**

(a) Any Discovery Materials deemed CONFIDENTIA under Section II (a) by the Producing Party shall be clearly marked by the Producing Party as CONFIDENTIAL.

(b) If only a portion or portions of the Discovery Materials qualifies for protection under the standards set forth herein, the Producing Party must, to the extent possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL").

(c) Marking material as set forth in subsections (a) and (b) above shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to the standards set forth in this Order.

**IV.   DESIGNATION OF TESTIMONY.**

(a) If CONFIDENTIAL information is marked as a deposition exhibit, such exhibit shall retain its designated status.

(b) During any deposition, counsel may request that any portion or portions of the deposition

or deposition exhibits also be treated as CONFIDENTIAL.

(c) All deposition transcripts and the exhibits thereto shall be treated as CONFIDENTIAL in their entirety until thirty (30) days after receipt of the final certified transcript by the parties unless the parties expressly agree otherwise, subject to the right of the deponent to review, correct, and sign the deposition transcript. Within thirty (30) days after receipt of the final certified transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting CONFIDENTIAL information. If portions of the testimony had previously been designated as CONFIDENTIAL during the deposition, the party is not required to re-designate those portions of the transcript during the thirty (30) day period unless the party wishes to change the designation.

V. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION.

(a) Discovery Materials designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person, corporation, or entity other than:

(i) Counsel of record for the respective parties to this litigation, including attorneys, paraprofessionals, employees of such law firms, and contractors providing services to such attorneys, such as copying services;

(ii) In-house attorneys for any party, as well as paralegals, secretaries, and clerical staff working with such attorneys;

(iii) The Court and its personnel;

(iv) The parties to this litigation;

(v) Any employee or representative of the Producing Party;

(vi) Deposition, trial or other potential witnesses in this Action and their counsel; and

(vii) Independent experts and consultants (and their employees and support staff) retained by the attorneys of record for any party for purposes of assisting in this Action.

However, prior to such disclosure to persons other than those described in clauses (i), (ii), (iii) and (v), counsel for the party disclosing shall furnish a copy of this Stipulated Protective Order to such persons and shall obtain the written agreement of such persons to be bound by the terms of this Stipulated

Protective Order, in the form of the Undertaking attached hereto as Appendix A.

VI. **SUBMISSION TO THE COURT.**

(a) CONFIDENTIAL information appropriately designated under the standards set forth in this Order may be cited in discovery requests and responses in this Action, and may be used in depositions and marked as deposition exhibits in this Action, provided that the CONFIDENTIAL information is maintained as required by this Order.

(b) This Order authorizes the filing of documents under seal in accordance with Local Rule 5.2. If Discovery Materials designated CONFIDENTIAL pursuant to this Order are used as an exhibit to any document filed with the Court or used at any deposition, hearing or trial, or if CONFIDENTIAL information is disclosed in any document filed with the Court or in the transcript of any deposition, hearing or trial, the document or transcript attaching or referring to the CONFIDENTIAL information, along with the Discovery Materials designated CONFIDENTIAL, shall be filed with the clerk under seal. Materials presented as sealed documents shall be in an envelope which shows the citation of the statute or rule or the filing date of the court order authorizing the sealing, and the name, address and telephone number of the person filing the documents. If the sealing of the document purports to be authorized by Court order, the person filing the documents shall include a copy of the order in the envelope.

Any such filing shall be clearly marked as containing materials filed under seal, bearing a statement substantially similar to the following:

DIRECTV, LLC v. Shirah, et. al., Case No. 4:13-CV-00110
WTM-GRS, United States District Court, Southern District of
Georgia.

Presiding Judge: Hon. William T. Moore

**-- This envelope contains documents which are filed in this case by [Defendant or Plaintiff] pursuant to the Stipulated Protective Order entered in this action on [Date] (a copy of which is submitted herein), and is to be filed and maintained under seal, and is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court. -**

SEALED and CONFIDENTIAL:

_____
[Signature of Filing Attorney]
[Address and Telephone Number]

(d)     Any Discovery Material designated CONFIDENTIAL that is filed with the Court shall be filed under seal in the manner described above.

(e)     Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any CONFIDENTIAL information appropriately designated as such under the terms of this Order.

(f)     At trial or in any open hearing, the Producing Party may request that exhibits containing CONFIDENTIAL information be submitted to the Court or otherwise maintained for purposes of the trial or hearing so as to maximize safeguards against disclosure of the CONFIDENTIAL information.

(g)     If, through inadvertence or otherwise, CONFIDENTIAL information is filed with the Court not in accordance with this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

## VII.    OBJECTION TO DESIGNATION.

(a)     Any party, or member of the general public, may challenge the designation of any Discovery Material that is marked as CONFIDENTIAL.  The party challenging a designation shall describe with particularity why each challenged Discovery Material should be re-designated. Within 21 days of any such challenge, the parties shall confer in good faith to resolve any such disagreements.  In connection with these discussions, the designating party and the challenging party shall both articulate in detail the basis for their positions.  If the conference does not resolve the objections, then the challenging party may apply to the Court for a ruling that material designated by a party as CONFIDENTIAL shall be treated as such. The challenging party shall have the burden of demonstrating the impropriety of that

designation. This Court shall determine any unresolved disputes using the same standards as if the designating party had applied for a protective order under the Federal Rules of Civil Procedure and related law. The non-designating party shall continue to treat the Discovery Material that is the subject of the challenged designation as it has been designated pending a ruling by the Court on the non-designating party's motion.

VIII. **DISCLOSURE**.

(a) *Due Care*. The recipient of any CONFIDENTIAL information entitled to protection under the terms of this Order shall exercise due and proper care with respect to storage, custody, and use of all such CONFIDENTIAL information to ensure that access is limited to the persons authorized under this Order

(b) *Inadvertent Disclosure*. If, through inadvertence, the Producing Party provides any Discovery Materials containing CONFIDENTIAL information during the course of this Action without designating the Discovery Materials as set forth in Section 3 *supra*, the Producing Party may subsequently inform the Receiving Party in writing of the CONFIDENTIAL nature of the Discovery Materials and provide the Receiving Party with appropriately designated Discovery Materials. The Receiving Party shall thereafter treat the disclosed material in accordance with this Order to the extent that the Receiving Party has not already disclosed the material. If the Receiving Party disclosed undesignated CONFIDENTIAL information to a party or person retained by the party, the Receiving Party shall promptly retrieve and redesignate all CONFIDENTIAL information and have the party or person retained by the party execute the Undertaking attached hereto as Appendix A. If the Receiving Party disclosed undesignated CONFIDENTIAL information to a third party not entitled to receive such CONFIDENTIAL information or access thereto under the terms of this Order, the Receiving Party shall request that the third party return the CONFIDENTIAL information and execute the Undertaking attached hereto as Appendix A. If the third party returns the CONFIDENTIAL information and executes the Undertaking, the Receiving Party shall inform the Producing Party of the same. If the third party fails to either return the CONFIDENTIAL information or to execute the Undertaking, the Receiving

Party shall inform the Producing Party of the same, and shall provide the Producing Party with the identity of the third party and the CONFIDENTIAL information disclosed. The Producing Party will thereafter bear the burden of taking any further action vis-à-vis the third party regarding the CONFIDENTIAL information. Disclosure of such undesignated CONFIDENTIAL information prior to its designation shall not be deemed a violation of this Order.

(c) *Required Disclosure.* If CONFIDENTIAL information in the possession, custody or control of a Receiving Party is sought by a person or entity not a party to this action by subpoena, request for production of documents, interrogatory, or any other form of discovery request or compulsive process, including any form of discovery request or compulsive process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall: (i) by the fifth business day after receipt thereof, or the earliest practicable date thereafter, give written notice of such process or discovery request, together with a copy thereof, to counsel for the Producing Party, and (ii) not make production or disclosure of such CONFIDENTIAL information earlier than the noticed date of production, so as to permit the Producing Party an opportunity to obtain appropriate judicial relief. The Producing Party seeking to protect the CONFIDENTIAL information from disclosure shall bear all the burdens and expenses of obtaining appropriate judicial relief.

(d) *Unauthorized Disclosure.* If CONFIDENTIAL information is disclosed to any person or entity other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately: (1) notify in writing the Producing Party of the disclosure and all pertinent facts relating to such disclosures; (2) use its best efforts to retrieve all copies of the CONFIDENTIAL information; (3) request that the person(s) or entity(ies) to whom the disclosure was made execute the Undertaking attached hereto in Appendix A; and (4) without prejudice to other rights and remedies of any party, shall make every effort to prevent further disclosure.

IX.     LIMITATION ON USE AND SURVIVAL.

(a)     Any CONFIDENTIAL documents or information made available during the course of this Action shall be used solely for the purposes of this Action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever. Notwithstanding the foregoing, this Stipulated Protective Order shall not bar or otherwise restrict any attorney designated in Section 5 from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying generally upon the attorney's examination of Discovery Materials containing CONFIDENTIAL information; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the specific CONFIDENTIAL information other than as permitted by this Stipulated Protective Order or other applicable court order.

(b)     CONFIDENTIAL information shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for this Action. All such copies, reproductions, summarizations, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

(c)     This Order shall remain in full force and effect until modified, superseded, or terminated by the Court or by agreement of the parties with the approval of the Court. All obligations and duties arising under this Order shall survive the termination of this Action and this Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

X.     PRODUCING PARTY'S USE.

(a)     Nothing in this Order shall limit any party in the use of its own documents, things, or information for any purpose or from disclosing its own CONFIDENTIAL information to any person. Nothing in this Order shall prevent the Producing Party from consenting in writing to the use or disclosure of its own CONFIDENTIAL information by the Receiving Party to the extent permitted by

law.

## XI. INDEPENDENT SOURCE.

(a) This Stipulated Protective Order pertains only to information provided by a party in response to formal or informal discovery requests in these proceedings or provided by a non-party in response to formal discovery processes, and does not otherwise limit the use or disclosure of material which has been obtained by any party from any other source.

## XII. RETURN OR DESTRUCTION.

(a) No later than sixty (60) days following conclusion of these proceedings, all CONFIDENTIAL information and all copies thereof, shall be returned to the person that produced the CONFIDENTIAL information, provided, however, that counsel may retain their attorney work product and all filed documents or pleadings, even though they contain CONFIDENTIAL information. Any such retained work product shall remain subject to the terms of this Order. In the alternative, the parties may agree to have any CONFIDENTIAL information destroyed.

(c) Whether the CONFIDENTIAL Discovery Materials are returned or destroyed pursuant to this paragraph, the Receiving Party must submit a written certification to the Producing Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the CONFIDENTIAL Discovery Materials that were returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the CONFIDENTIAL Discovery Materials. Notwithstanding this provision, counsel (as defined in Section V above) are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL Discovery Materials. Any such archival copies that contain or constitute CONFIDENTIAL Discovery Materials remain subject to this Stipulated Protective Order as set forth in Section IX, above.

(d) As used in this Section, "conclusion of these proceedings" refers to the exhaustion of available appeals, as provided by applicable law or the settlement of this action.

XIII. **ADDITIONAL PARTIES.**

(a) In the event that additional persons or entities become parties to this Action, they shall not have access to CONFIDENTIAL information until this Order has been amended, with the Court's approval, to govern such additional persons or entities.

XIV. **PROTECTION OF THIRD PARTIES.**

(a) A person or entity that is not a Party to this Action may take advantage of the protections afforded to CONFIDENTIAL information provided by this Order, and such person or entity shall be entitled to all rights and protections afforded to the Parties under this Order.

**STIPULATION ACCEPTED AND ORDER GRANTED** this _14th_ day of _August_, 2013.


DATED: _____.

_____
HONORABLE G.R. SMITH

## APPENDIX A

## UNDERTAKING

I acknowledge that I, _____(Name), of _____(Place and Position of Employment), am about to receive CONFIDENTIAL information supplied by _____(party). I certify that I understand that such CONFIDENTIAL information will be provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER of October ___, 2008, in _____, Civil Action No. _____, in the _____Court for the _____District of _____. I further represent that I have received a copy of and have read and understand the STIPULATED PROTECTIVE ORDER and that I agree to comply with and to be bound by all of its applicable terms. I also understand that documents and/or information having the CONFIDENTIAL designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the STIPULATED PROTECTIVE ORDER to have access to such information. I further understand that the CONFIDENTIAL information provided to me shall be returned to counsel who provided the information to me, in accordance with the STIPULATED PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the STIPULATED PROTECTIVE ORDER may be punishable by Contempt of Court.

DATED: _____.

_____
Signature