FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 MAR 12 AM 10: 39
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIRECTV, LLC )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-110
)
HERMAN R. SHIRAH, JR., a/k/a )
Rudy Shirah, individually, )
and as an officer, director, )
shareholder and/or principal )
of Panacea of the Islands, )
Inc., d/b/a The Islander; and )
PANACEA OF THE ISLANDS, INC., )
d/b/a The Islander, )
)
    Defendants. )
)

## ORDER

Before the Court is Defendants' Motion to Dismiss Count Three of the Complaint. (Doc. 10.) Plaintiff has filed a response (Doc. 13), to which Defendants have filed a reply (Doc. 29). For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for civil conversion is hereby **DISMISSED** for failure to state a claim upon which relief can be granted. However, Defendants' request to dismiss Plaintiff's prayer for punitive damages is **DENIED**.

## BACKGROUND

Plaintiff is a major distributor of satellite television and audio programming throughout the United

States.[1] (Doc. 1 ¶ 5.) Plaintiff offers these services at different subscription rates to both commercial establishments as well as private homes. (Id. ¶ 17.) However, once a service is purchased by a subscriber, Plaintiff cannot easily detect if its signal is entering a commercial establishment or a private home. (Id.) This leaves Plaintiff susceptible to a residential customer transferring its signal to a commercial establishment in order to pay the lower subscription rate. (Id.)

On September 27, 2012, Defendants received and displayed Plaintiff's signal at their commercial establishment. (Id. ¶ 19.) At this time, Defendants did not have a commercial subscription with Plaintiff, nor did they otherwise have Plaintiff's authorization to exhibit its signal in a commercial establishment. (Id. ¶ 20.) Consequently, Plaintiff filed this action alleging violations of electronic broadcast statutes as well as civil conversion of its satellite signal. (Doc. 1.) Defendants subsequently moved to dismiss the civil conversion claim. (Doc. 10.)

---

[1] For the purposes of this motion, Plaintiff's allegations set forth in its complaint will be taken as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Aschroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 556 U.S. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> (quotations omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the

3

sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. As such, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Id. at 558.

## II. THE CONVERSION ACTION

Because Defendants are no longer in possession of the broadcast signal, both parties agree on the elements of conversion pursuant to O.C.G.A. §51-10-1. The Plaintiff must show (1) that it had title to the property or the right of possession; (2) that the other party was in actual possession of the property; (3) that it demanded the return of the property; and (4) that the other party refused to return the property. Johnson v. First Union Nat'l Bank, 567 S.E.2d 819, 823, 255 Ga. App. 44, 49 (2002).

With regard to the second and third factors, Defendant argues that Plaintiff did not make any demand for the return of the satellite signal, nor did Defendants refuse to return it. (Doc. 10 at 5.) Plaintiff responds that it informed Defendants they were in violation of their residential subscription terms and Defendants did not respond until after Plaintiff had disconnected the signal. (Doc. 13 at 6.) However, the Court cannot find, and Plaintiff does not supply, any support to show that informing another party of a contract violation is simultaneously a request for the return of the property in question. Plaintiff has not pled any facts to suggest that it made a request for the return of its satellite signal or that Defendant refused. Accordingly, Plaintiff's complaint as to count three must fail.[2]

### III. PUNITIVE DAMAGES

Defendants first argue that Plaintiff's prayer for punitive damages should be struck because none of Plaintiff's claims other than conversion can give rise to punitive damages. (Doc. 10 at 6.) However, 18 U.S.C.

---

[2] It appears that the issue of whether a satellite signal can be the subject of conversion is a matter of first impression under Georgia state law. However, the Court need not address this question here because Plaintiff has failed to sufficiently plead the elements of conversion in its complaint.

§ 2520 authorizes punitive damages in appropriate cases for violations pursuant to 18 U.S.C. § 2511 and Plaintiff's complaint still includes claims under that statue. See 18 U.S.C. § 2520(b)(2). While it is uncertain at this stage in the litigation whether this case is an "appropriate case" for punitive damages, the Court cannot find that Plaintiff is precluded from attaining an award of punitive damages as a matter of law.

Defendants also argue that Plaintiff has failed to plead for punitive damages with sufficient particularity. (Doc. 10 at 6.) The Court finds this argument without merit. It is true that a prayer for damages is not itself an allegation and facts must be pled that could give rise to a punitive damages award. Drug Emporium, Inc. v. Peaks, 288 S.E.2d 500, 506, 227 Ga. App. 121 (1997). However, Plaintiff's complaint clearly alleges that Defendants intentionally intercepted its satellite broadcast signal for use in a commercial establishment without authorization. (Doc. 1 ¶ 20.) At this stage in the litigation, the Court finds that Plaintiff has met its burden of pleading a "short and plain statement of the claim" to at least potentially support a prayer for punitive damages. Fed. R. Civ. P. 8(a)(2). Accordingly,

Plaintiff's prayer for punitive damages will not be struck from its complaint.

## CONCLUSION

For the following reasons, Defendants' motion (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for civil conversion are hereby **DISMISSED** for failure to state a claim upon which relief can be granted. However, Defendants' request to dismiss Plaintiff's prayer for punitive damages is **DENIED**.

SO ORDERED this 12th day of March 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA