IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIRECTTV, LLC, a California )
limited liability company; )
)
Plaintiff, )
)
v. ) CASE NO. CV413-110
)
PANACEA OF THE ISLANDS, INC., )
doing business as The )
Islander; and HERMAN R. )
SHIRAH, JR., individually, )
and as officer, director, )
shareholder, and/or principal )
of Panacea of the Islands, )
Inc., a/k/a Rudy Shirah; )
)
Defendants. )
)

## ORDER

Before the Court is Plaintiff's request that the Court enter an order pursuant to Fed. R. Civ. Pro. 41(a)(2) dismissing Count II of the amended complaint. (Doc. 83.) Defendants have filed no response.[1] For the following reasons, the Court **GRANTS** Plaintiff's request and Count II is **DISMISSED WITH PREJUDICE** for good cause. The Court awards Plaintiff $20,000 in damages, $1,276.00 in costs, and $31,782.00 in attorney's fees. The Clerk of Court is

---

[1] Pursuant to Local Rule 7.5, "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion."

**DIRECTED** to enter judgment against Defendants and to **CLOSE** this case.

## BACKGROUND

On April 30, 2013, Plaintiff filed this action alleging claims for conversion, violation of the Federal Communications Act ("FCA"), violation of the Electronic Communications Privacy Act ("ECPA"), and requesting punitive damages and injunctive relief.[2] (Doc. 1.) Plaintiff's claim for civil conversion was dismissed by order of this Court on March 12, 2014. (Doc. 61.) On March 24, 2015, the Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's Federal Communications Act claim. (Doc. 78.)

The Court requested that the parties file briefs regarding the appropriate amount of damages for Plaintiff's FCA claim. (Id. at 2.) Plaintiff filed that brief, Defendant did not. (Doc. 79.) Because Plaintiff's ECPA claim had not been dismissed, however, the Court held that ruling in abeyance pending the outcome of trial.

On March 29, 2017, the Court entered an Order and Notice of Pretrial Proceedings. (Doc. 80.) On April 3,

---

[2] The full facts of this case have been previously discussed in the Court's March 24, 2015 Order granting summary judgment to Plaintiff on the Federal Communications Act claim. (Doc. 78.)

2

2017, Plaintiff filed a Notice of Voluntary Dismissal as to Count II of Plaintiff's complaint. (Doc. 83.) In this notice, Plaintiff requested that the Court enter an order dismissing the ECPA claim. (Id.) Because the Court has determined this sole remaining claim in this case should be dismissed with prejudice, there is no longer any need for a trial. Accordingly, the Court now rules on the appropriate damages in this case.

## ANALYSIS

Pursuant to 47 U.S.C. § 605(e)(3)(C)(i), Plaintiff may elect to recover either statutory or actual damages for violations of the FCA. That section awards statutory damages of not less than $1,000 or more than $10,000. Id. However, if a court finds that the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," then the court may increase the award of damages up to $100,000 per violation. Id. at § 605(e)(3)(C)(ii). A court may also grant the recovery of full costs, including reasonable attorney's fees. Id. at § 605(e)(3)(B)(iii). The Court has previously concluded that Defendants have indeed violated the FCA. (Doc. 78.) Accordingly, an award of damages is appropriate. Plaintiff in this case has requested $10,000 in statutory damages, $30,000 in enhanced statutory damages, and

$33,058.00 in attorney's fees and costs for Defendants' FCA violation. (Doc. 79 at 25.)

I. STATUTORY DAMAGES

The Court will award Plaintiff $10,000 in statutory damages. Plaintiff alleges, and Defendants have not disputed, that Plaintiff suffered substantial damages during the ten years that Defendants used a residential account to provide commercial programing to their commercial establishment—The Islander. (Doc. 79.) Accordingly, the Court concludes that an award of $10,000 is appropriate. See Kingvision Pay-Per-View Ltd. v. Wise, 2006 WL 91300, at *2 (D.N.J. Jan. 13, 2006).

II. ENHANCED STATUTORY DAMAGES

The Court may also award Plaintiff enhanced statutory damages if the Court determines that Defendants' conduct was willful and done for direct or indirect commercial advancement. The evidence suggests that Defendants used a residential account to provide service to their commercial establishment for over ten years. This was done despite the fact that every document sent to Defendants regarding the account listed it as a residential account for service at 629 Oemler Loop Savannah, GA 31410. Based on this information, the Court concludes that Defendants' conduct was willful and done for direct or indirect commercial

4

advancement, and Plaintiff is entitled to enhanced statutory damages. However, Plaintiff has proven only one violation of the FCA, which occurred on September 27, 2012. Accordingly, the award of $30,000 Plaintiff requests is not appropriate.

However, as Defendants did have to take affirmative and willful steps to illegally broadcast television programming, some enhancement is appropriate. See J&J Sports Prods., Inc. v. Dominican Mexican Rest., LLC, 2012 WL 5880917, at *4 (N.D. Ga. 2012) (awarding statutory damages "because the Defendant had to undertake affirmative and willful steps to intercept and illegally broadcast"). To accomplish the deterrent goals of the statute, the Court will award $10,000 in enhanced penalties. See J&J Sports Prods., Inc. v. Blackwell, 2009 WL 2171897, at *3 (M.D. Ala. July 21, 2009) (doubling statutory damages as deterrence).

III. ATTORNEY'S FEES AND COSTS

Plaintiff also seeks to recover reasonable attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii). To that end, Plaintiff has provided evidence of $1,276.00 in costs. (Doc. 79, Attach. 1 at 4.) Plaintiff also requests $31,782.00 in attorney's fees for three attorneys and various paralegal and legal assistants. To determine the

5

appropriate amount of fees, the Court calculates the "lodestar," "which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate." Joe Hand Promotions, Inc. v. McBroom, 2009 WL 5031580, at *6 (M.D. Ga. Dec. 15, 2009) (citing Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000)). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonably hourly rate." Norma v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.

Plaintiff has submitted an affidavit detailing the attorney's fees in this case. Plaintiff has billed 66.62 hours for counsel at a rate of $300 per hour, 57.50 for local counsel at a rate of $200 per hour, and 8.80 hours for paralegal and other legal assistance at a rate of $95 per hour. (Doc. 79, Attach. 1 at 5.) Upon review of the affidavits submitted in this case, the Court concludes that the amount of time spent in bringing this case is reasonable considering it included filing a complaint and multiple motions and responses, including two motions for

summary judgment. The Court is also satisfied that the hourly rate is reasonable based on counsel's experience and the prevailing rates in this district. Accordingly, Plaintiff is awarded $31,782.00 in legal fees and $1,276.00 in costs.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's request and Count II is **DISMISSED WITH PREJUDICE** for good cause. The Court awards Plaintiff $20,000 in damages, $1,276.00 in costs, and $31,782.00 in attorney's fees. The Clerk of Court is **DIRECTED** to enter judgment against Defendants and to **CLOSE** this case.

SO ORDERED this 28th day of April 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA